```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


ROBERT VALENTINE, JR.,           §
TDCJ-CID #1005529,               §
                                 §
          Petitioner,            §
                                 §   CIVIL ACTION NO. H-08-0250
v.                               §
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
          Respondent.            §
```

## MEMORANDUM OPINION AND ORDER

Robert Valentine, Jr., an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This action will be dismissed because it is a successive petition. 28 U.S.C. § 2244(b).

Valentine challenges a twenty-three-year sentence pursuant to convictions for indecency with a child and aggravated sexual assault of a child. State v. Valentine, Nos. 826896; 826897 (230th Dist. Ct., Harris County, Tex., June 29, 2000). Valentine appealed the judgments after he was convicted; the Court of Appeals for the Fourteenth District of Texas affirmed the district court decisions. Thomas v. State, Nos. 14-00-01035-CR; 14-00-01036-CR (Tex. App. -- Houston [14th Dist.] Mar. 14, 2002). Valentine did not file subsequent petitions for discretionary review (PDR) after his

Case 4:08-cv-00250   Document 7   Filed in TXSD on 02/05/08   Page 2 of 5

convictions were affirmed.  See Website for Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions.  Valentine subsequently filed two state applications for a writ of habeas corpus in May of 2004, which the Court of Criminal Appeals denied without a written order on findings of the trial court.  Ex parte Valentine, Nos. 60,840-01; 60,840-02 (Tex. Crim. App. Jan. 12, 2005).  Valentine also filed a motion for a writ of mandamus, which was denied on July 25, 2007.  Ex parte Valentine, No. 60,840-03.  A second writ of mandamus was denied on January 9, 2008.  Ex parte Valentine, No. 60,840-04.

On June 8, 2005, Valentine filed a federal petition for writ of habeas corpus challenging the theft convictions.  On April 26, 2006, the petition was denied as untimely pursuant to 28 U.S.C. § 2244(d).  Valentine v. Dretke, No. 05cv2009 (S.D. Tex.).  The United States Court of Appeals for the Fifth Circuit subsequently denied Valentine's Motion for a Certificate of Appealability (COA).  Valentine v. Dretke, No. 06-20454 (5th Cir. Dec. 11, 2006).  In the present action Valentine again seeks to challenge his state court convictions.

Valentine's current federal petition is a successive challenge to his state criminal convictions.  Advance permission from the Court of Appeals is a prerequisite to filing a successive habeas petition.  28 U.S.C. § 2244(b); Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003).  The primary purpose of this requirement is to

-2-

eliminate repetitious judicial consideration of convictions and sentences. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

There is no showing that the Fifth Circuit has authorized Valentine to file a second habeas petition. A district court cannot rule on the merits of a successive petition that has been filed without such approval. Crone, 324 F.3d at 838; Lopez v. Valentine, 141 F.3d 974, 975-76 (10th Cir. 1998). Accordingly, the court shall dismiss this action.

Apart from being successive, it is more than likely that this action would be barred as untimely under 28 U.S.C. § 2244(d)(1)(A). Valentine's convictions were final on Monday, April 15, 2002, the first working day following thirty days after the Fourteenth Court of Appeals affirmed his convictions. See TEX. R. APP. 68.2(a); Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir. 2004); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). As noted above, the United States District Court for the Southern District of Texas has previously addressed Valentine's habeas challenge to his convictions and found that it was untimely. The first federal habeas petition was filed on June 8, 2005, more than three years after the conviction became final. It has been one year and eight months since the prior petition was dismissed, and the pendency of that action did not toll the one-year statute of limitations for federal habeas petitions. Duncan v. Walker, 121 S.Ct. 2120, 2129

(2001). Valentine's subsequent state mandamus proceedings do not toll the federal habeas limitations period either. See Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002). His state habeas applications, filed more than a year after the convictions became final, are of no avail because they too were untimely under federal law. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). There is no indication that Valentine was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, it is apparent that this subsequent habeas petition is time-barred under 28 U.S.C. § 2244(d).

Before Valentine can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA Valentine must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A COA shall be denied because this action is clearly barred, and Valentine has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## Conclusion and Order

The court **ORDERS** the following:

1.  This habeas action will be dismissed with prejudice.

2.  The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 5th day of February, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE